IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Norma Jean Klein, | ) | C/A No. 0:16-1999-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner | ) | |
| of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Norma Jean Klein, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disabled Widow's Benefits ("DWB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and remanded.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

PJG

lasted or can be expected to last for a continuous period of not less than 12 months."[2]  20 C.F.R.

§§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973); 20 C.F.R.

§ 404.335 (stating that disability for DWB is as defined in § 404.1505).  The regulations require the

Administrative Law Judge ("ALJ") to consider, in sequence:

(1)     whether the claimant is engaged in substantial gainful activity;

(2)     whether the claimant has a "severe" impairment;

(3)     whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)     whether the claimant can perform her past relevant work; and

(5)     whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[3]  If the ALJ can make a determination that a claimant

is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return

to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie*

case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner

must establish that the claimant has the residual functional capacity, considering the claimant's age,

education, work experience, and impairments, to perform alternative jobs that exist in the national

economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d

---

[2] There are additional requirements for qualifying for DWB as opposed to DIB; however, none of those requirements are in dispute in the current matter.  See 20 C.F.R. § 404.335.

[3] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. §§ 404.1520(h), 416.920(h).

PJG

866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## ADMINISTRATIVE PROCEEDINGS

In June 2012, Klein applied for DWB and SSI, alleging disability beginning February 19, 2012. Klein's applications were denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on October 15, 2014 at which Klein, who was represented by Lindsey K. Robinson, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on December 18, 2014 concluding that Klein was not disabled from February 19, 2012 through the date of the decision. (Tr. 16-27.)

Klein was born in 1975 and was fifty-six years old at the time of her alleged disability onset date. She has a high school education and has past relevant work experience as a restaurant cook and a packer/sorter in a warehouse. (Tr. 256.) Klein alleged disability due to arthritis, depression, high blood pressure, and chest pains. (Tr. 255.)

The ALJ found that Klein was the unmarried widow of the deceased insured worker, had attained the age of fifty, and met the non-disability requirements for DWB set forth in section 202(e) of the Social Security Act. The ALJ also noted that the prescribed period would end on April 20, 2015. In applying the five-step sequential process, the ALJ found that Klein had not engaged in substantial gainful activity since February 19, 2012—her alleged onset date. The ALJ also determined that Klein's major depressive disorder, thoracic spondylosis, coronary atherosclerosis, hypertension, history of myocardial infarction, and obesity were severe impairments. However, the

PJG

ALJ found that Klein did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Klein retained the residual functional capacity to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the claimant is limited to frequent stooping. She cannot work at unprotected heights or around dangerous machinery. She cannot climb ladders, ropes, or scaffolds. The claimant cannot work in a job that requires her to work with the public. She is limited to performing simple, routine tasks.

(Tr. 21-22.) The ALJ found that Klein was capable of performing past relevant work in packing/sorting and that this work did not require the performance of work-related activities precluded by Klein's residual functional capacity. Therefore, the ALJ found that Klein was not disabled from February 19, 2012 through the date of the decision.

The Appeals Council denied Klein's request for review on April 19, 2016, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more

PJG

than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d

at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence,

make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.

Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold

it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Klein raises the following issues for this judicial review:

1.      The ALJ erred as a matter of law in failing to weigh the opinion from consultative examiner Dr. Bridgewater.

2.      The adverse credibility determination is not supported by substantial evidence.

(Pl.'s Br., ECF No. 15.)

## DISCUSSION

Because the court concludes that remand is warranted as to Klein's second issue, it addresses

that issue first.[4]

With regard to subjective complaints, the United States Court of Appeals for the Fourth

Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms

is a two-step process." Craig, 76 F.3d at 594. It appears that in this matter only the second step is

---

[4] The court further observes that further consideration of Klein's second issue may impact
Klein's first issue. Therefore, in light of the court's recommendation that this matter be remanded
for further consideration, the court need not address the plaintiff's remaining issue, as it may be
rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003)
(remanding on other grounds and declining to address claimant's additional arguments).



at issue,[5] during which the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects her ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *4.[6] "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges he suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

> (i)     Your daily activities;

_____

[5] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).

[6] Effective March 28, 2016, SSR 96-7p was superseded by SSR 16-3p, 2016 WL 1119029. See 2016 WL 1237954 (correcting the effective date of SSR 16-3p to read March 28, 2016). Because this application was adjudicated prior to the effective date of SSR 16-3p, the court analyzes Klein's allegations under SSR 96-7p. See Savage v. Berryhill, C/A No. 5:16-1138-KDW, 2017 WL 3124177, n.2 (D.S.C. July 24, 2017) (applying SSR 96-7p under the same circumstances).



(ii)   The location, duration, frequency, and intensity of your pain or other symptoms;

(iii)  Precipitating and aggravating factors;

(iv)   The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

(v)    Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

(vi)   Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(vii)  Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Klein's argument as to the ALJ's error in assessing her subjective complaints relies largely on a body of case law recognizing that at the second step a claimant's subjective complaints may not be discredited solely because they are not substantiated by objective medical evidence. In support of her argument, she relies on various district court decisions, (Pl.'s Br. at 9-10, ECF No. 15 at 9-10), the gist of which was recently expounded by the Fourth Circuit. See Lewis v. Berryhill, 858 F.3d 858, 866 (4th Cir. 2017) (holding that a claimant is not required at the second step to meet an additional burden of proffering objective evidence as to the intensity of her pain). The court agrees that at least a portion of the ALJ's analysis regarding Klein's subjective complaints appears to improperly rest upon a lack of objective evidence supporting them. Specifically, although the ALJ found that Klein's medically determinable impairments could reasonably be expected to cause the alleged symptoms, satisfying step 1 of the required analysis of her subjective complaints, she went on to state that "the medical evidence of record does not fully support the claimant's allegations concerning the intensity, persistence and limiting effects of these symptoms." (Tr. at 23.) The ALJ went on, applying the requisite factors, to observe that although she had considered Klein's activities of daily living (which, presumably, weighed in her favor), "the medical records do not contain

PJG

objective signs or findings that show that the claimant's limitations are due to her severe physical or mental conditions." (Id. at 24.) Thus, the ALJ appears to have required, at the second step of the analysis of Klein's subjective complaints, objective medical evidence to support her claims regarding their intensity. As Lewis observed, the law precludes this. See Lewis, 858 F.3d at 870 (quoting Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006) ("Having met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [the claimant] was entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that his pain is so continuous and/or so severe that it prevents him from working a full eight hour day.") (footnote omitted)); cf. Craig v. Chater, 76 F.3d 585, 589-90 (4th Cir. 1996) ("Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers . . . ."). Here, because the ALJ appears to have discounted Klein's subjective complaints because there was an absence of objective medical evidence to support them rather than because they were inconsistent with, contradicted by, or otherwise undermined by the record, remand appears to be warranted.

Further, part of the ALJ's discussion of Klein's subjective complaints appears to rest on an incorrect premise. In her decision, the ALJ discounted Klein's subjective complaints in part because she was "unable to find any mention of psychiatric concerns in the [treatment] records" and because Klein was "not on any psychiatric medication." (Tr. at 24.) However, treatment records show that Klein in fact did report depression to her primary care provider and that she was prescribed

PJG

Trazodone and Zoloft, both antidepressants. (Tr. at 529, 525.) Because this reason provided for discounting the severity of Klein's subjective complaints appears to have been in error and because the ALJ appears to otherwise have reached this conclusion in contravention of Fourth Circuit precedent, the court cannot tell if the ALJ's conclusion regarding Klein's subjective complaints is supported by substantial evidence. The court therefore recommends that the matter be remanded for further analysis of Klein's subjective complaints.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the Commissioner's decision be reversed and remanded for further proceedings.

August 25, 2017                                            Paige J. Gossett
Columbia, South Carolina                          UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).